UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-06-FJL

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RALPH ROBERT JAMES SERGO,

    Defendant.
_____/

FILED by ___ D.C.

JAN 1 8 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## DETENTION ORDER

Pursuant to Title 18, United States Code, Section 3142(f), on January 18, 2017, a detention hearing was held to determine whether the Defendant, Ralph Robert James Sergo, should be detained prior to trial. Having considered the factors enumerated in Title 18, United States Code, Section 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required or the safety of any other person and/or the community. Therefore, it is hereby ordered that the Defendant be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of Title 18, United States Code, Section 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    1.    The Defendant is charged by Criminal Complaint with attempted importation and attempted distribution of Lysergic Acid Diethylamide (LSD), a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952, 841(a)(1) and 846; and possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c). Counsel for the government and counsel for the Defendant agreed that this Court could consider the allegations set forth in the Criminal

Complaint and attached Affidavit filed in this case to serve as the government's proffer for purposes of this Detention Hearing only. Therefore, this Court will not restate the matters as set forth in the Criminal Complaint. Those facts will be accepted as the government's proffer and made part of this Court's ruling.

There is a rebuttable presumption that the Defendant not receive a bond in cases of this type. This case has considered all of the evidence in that regard and finds that the Defendant has not rebutted the statutory presumption as more particularly stated by this Court on the record at the conclusion of the Detention Hearing.

Special Agent James Macek of Homeland Security Investigations was present and testified at the Detention Hearing. In addition to the facts set forth in Agent Macek's Affidavit attached to the Complaint, he testified that previous to this package being intercepted, a source had provided the St. Lucie County Sheriff's Office with information that the Defendant was involved in the distribution of LSD. The intercepted package, referenced in the Complaint, served as the basis for the search warrant which was obtained and executed in this case.

The package which was intercepted in-bound to the Defendant's residence weighed approximately 7.94 grams of LSD. During the execution of the search warrant, there were containers with LSD traces and/or substances as well as marijuana found in the residence. There was also evidence that the LSD was being placed on blotter paper for distribution. There were no chemicals nor any beakers found in the Defendant's residence. The LSD found in the home weighed approximately 1.1 grams and was in a plastic bag. There were also two glass vials with some traces of LSD based upon field testing.

There was a package intercepted which was being sent by the Defendant to Mexico containing approximately 85 grams of LSD. The 85 gram weight was the interior heat sealed envelope and the contents. Other receipts were seized pursuant to the execution of a search warrant which indicated that the Defendant had sent previous packages to the same recipient in Mexico. These were located in the Defendant's van.

There were several firearms seized by law enforcement at the residence including the weapon referenced in the Complaint. One long rifle was seized from the residence as well.

Agent Macek testified that there were other packages seized previous to August 2016 in-bound to this Defendant which contained Ecstasy.

In a post-Miranda statement, the Defendant stated to law enforcement that he had been conducting this distribution of LSD "business" for three to four years.

---

The Defendant proffered that his father, mother, and wife were present in court. The Defendant and his wife have operated a business in Jensen Beach selling jewelry and clothing for several years. The business is located on Jensen Beach Boulevard according to the proffer by counsel for the Defendant.

The Defendant has been a continuous resident of this District for eighteen years. He is a graduate of Jensen Beach High School and Santa Fe State College. The Defendant has no prior criminal history. He and his wife have a 1-1/2 year old daughter.

2. The pertinent history and characteristics of the Defendant are taken from the Pretrial Services Report as well as the Defendant's proffer which the Court will not restate

here. In addition, the Pretrial Services Report reflects the Defendant was born in Chicago. He has traveled outside of the United States on Caribbean cruises. The Defendant's parents reside in Jensen Beach, Florida. The Defendant owns a residence valued at approximately $200,000 with a $140,000 mortgage.

3. There is probable cause to believe the Defendant committed the offenses set forth in the Complaint. The weight of the evidence against the Defendant is great at this stage of the proceedings. The Defendant's post-Miranda statement indicating that he has been conducting this distribution of a controlled substance/LSD for three to four years causes this Court great concern. Additionally, the location of firearms in the residence where this business was being conducted with his wife and minor child present also caused this Court some concern. This Court has taken into consideration the Defendant's parents and wife being present in support of the Defendant. The Court has also considered the Defendant's long standing ties to this community. However, this evidence proffered by the Defendant does not allay this Court's fears that the Defendant would violate conditions of bond which this Court would set. Further, the evidence proffered by the Defendant does not rebut the statutory presumption applicable in cases of this type. Accordingly, the Defendant shall be detained as a risk of flight and a danger to the community.

4. The Court specifically finds that there is no condition or combination of conditions which will reasonably assure the appearance of the Defendant as required or the safety of any other person and/or the community. Title 18, United States Code, Section 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this Defendant presents a risk of flight and a danger to the community. The Court hereby directs:

a. That the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

b. That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

c. That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** this 18th day of January, 2017, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished:
AUSA Carmen M. Lineberger
Robert Watson, Esq.
Pretrial Services
U. S. Marshal