UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.   17-14009 -CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

v.

RALPH ROBERT JAMES SERGO,

                    Defendant.
_____/

## STIPULATED FACTUAL BASIS

COMES NOW, the United States of America, by and through its undersigned Assistant United States Attorney, and **RALPH ROBERT JAMES SERGO**, (hereinafter referred to as the "Defendant"), together with his counsel, admit that the government can prove the allegations contained in the Indictment, which charges, Count One, Attempt to Import a Controlled Substance- Lysergic Acid Diethylamide, also known as "LSD", in violation of Title 21, United States Code, §§ 952(a)and 963; Count Two, Possession with Intent to Manufacture & Distribute a Controlled Substance- Lysergic Acid Diethylamide, also known as "LSD", in violation of Title 21, United States Code, §§ 841(a)(1), 846, and 21:841(b)(1)(A)(v); Count Three, Carrying a Firearm During and in Relation to/ Possession of a Firearm In Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, §§ 924(c)(1)(A)(i); Count Four, Attempt to Distribute a Controlled Substance- Lysergic Acid Diethylamide, also known as "LSD", in violation of Title 21, United States Code, §§ 841(a)(1), 846, and 21:841(b)(1)(A)(v); and Count Five, Carrying a Firearm During and in Relation to/ Possession of a Firearm In Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, §§ 924(c)(1)(A)(i).

1

*Court Exhibit #1*

The Defendant also stipulates that those allegations and the following recitation of the stipulated facts shall constitute the underlying factual basis.

On October 11, 2016, Homeland Security Investigations (HSI) and U.S. Postal Inspector Kevin Henry intercepted an international mail parcel shipped from Denmark, addressed to LeBowe LLC, 2447 SE Pascal Avenue Port Saint Lucie, Florida.  A border search of the parcel revealed a gift box containing skin oils and skin cream containers, concealing a folded piece of paper and a small clear ziplock baggie, both containing a gray coarse powder substance. The gray coarse powder substance, according to the Customs and Border Protection (CBP) laboratory, the gray powder substance, according to the Customs and Border Protection (CBP) laboratory contained Lysergic Acid Diethylamide (LSD), a schedule I controlled substance.  The substance weighed approximately 5.9 grams.

The package was tracked via the U.S. Postal Service tracking website from Comcast Internet Protocol (IP) Address (2601:58b:4001:a6c0:5ce5:5ae0:9f4:ac22) once on September 22, 2016, and four times on September 23, 2016, assigned to Ralph SERGO, listed as the manager of LeBowe LLC at 2447 SE Pascal Avenue Port Saint Lucie, Florida 34952. SERGO also was listed in the Florida Driver and Vehicle Information Database system Department of Motor Vehicle records as living and registering vehicles at that address.

On January 17, 2017, HSI Special Agents executed the aforementioned search warrant a federal search warrant, approved by Chief United States Magistrate Frank J. Lynch on the residence. During a search of the residence, agents located a small plastic bag, containing dark gray granular powder and two glass jars, containing a light gray colored powder.  The gray powder substance, according to the Customs and Border Protection (CBP) laboratory

2

contained Lysergic Acid Diethylamide (LSD). The substance weighed approximately 74.71 grams.

Agents also found a clear jar of orange granular substance, which, according to the Customs and Border Protection (CBP) laboratory, contained Lysergic Acid Diethylamide (LSD). The substance weighed approximately 72.76 grams. Ten (10) granules weighed approximately .15 grams. The material consisted of approximately 4850 doses.

Agents also found several Fed Ex mailing bags of brown bark like powder, which, according Customs and Border Protection (CBP) laboratory, contained Dimethyltryptamine (DMT), which is a hallucinogen, and schedule I controlled substance. The substance weighed approximately 26.76 grams.

In addition to the LSD, agents found paraphernalia, including, scales, cutting agents, jars of clear liquid/alcohol and perforated sheets of paper with various designs, commonly known as "blotter paper," drugs active in microgram range, most notably LSD, are commonly distributed for sale on "blotter paper." "Blotter" is a delivery method, which allows for easy dosing of potent substances and easy sublingual administration of drugs, like LSD. A liquid solution of the drug is applied to the "blotter paper," which commonly is perforated into tiny squares or "tabs", and artfully decorated with "blotter art," to facilitate individual dosing and aid in perforation or to be left as a cutting grid. Agents also discovered shipping materials, indicating that SERGO was also shipping the substance out, and not just importing it. According to the Customs and Border Protection (CBP) laboratory, no controlled substances were found on the samples of perforated paper.

During the execution of the search warrant, SERGO arrived at the residence, driving his 2016 Honda van. At the time he was encountered by agents, SERGO was in possession of a loaded Smith

3

and Wesson .38 caliber revolver. From inside the passenger compartment of the van, agents recovered United States Postal Service shipping receipts, including one dated January 17, 2017, from the Stuart, Florida Post Office, with tracking number CW911716555, destined for Sonora, Mexico. The time on the receipt indicated that SERGO had just come from the Post Office.

At the Post Office in Stuart, Florida, United States Postal Inspectors and HSI Special Agents located and conducted a border search of the outbound white flat rate postal envelope corresponding to SERGO's receipt. Inside, they found a black plastic sealed sleeve, which contained a white sticky paper, inside of which was a clear heat sealed packet, containing the type of orange granular substance previously found in the house. This orange granular substance, according to the Customs and Border Protection (CBP) laboratory, also contained Lysergic Acid Diethylamide (LSD). The substance weighed 74.37 grams. Ten (10) of the granules weighed approximately .14 grams. The material consisted of approximately 5312 doses.

After waiving his Miranda rights, SERGO, in summary, admitted that there were jars in his house containing LSD; that, earlier, that morning he mailed "Orange Dot" LSD in a package from the Post Office in Stuart, Florida, bound for Mexico; that he expected a package from Denmark, that he hadn't received; and that he ordered LSD via the internet for three (3) or four (4) years, communicating with individuals that he did now know. On July 15, 2015, CPB agents intercepted a package which later was found and confirmed by DEA South East Regional Laboratory (SERL) to contain 898. Grams of methylenedioxymethamphetamine (MDMA) aka Ecstasy, destined for SERGO at his previous address in Jensen Beach, Florida.

Before being transported, SERGO requested permission to put his jewelry in his bedroom. From that bedroom, several guns were

4

seized, as well as $14,900 in United States currency found in a safe.  From SERGO's person, Agents recovered $887.00.

Numerous firearms were seized from the SERGO residence. A Glock 26 9mm pistol was by front door on a shelf, with the mail. A .22 revolver was in the garage on top of the water heater.  A .22 revolver was on a shelf between kitchen and living room. Another Glock 19 9mm was in pull out in the bedroom dresser and the Sig Sauer M4 was under the bed in the bedroom.

ATF Special Agent Michael Kelly, an expert in firearms' nexus, determined that the firearms, with the exception of the RG .22 cal revolver, were made outside of Florida, and therefore had traveled in and affected interstate and/or foreign commerce.

The Defendant agrees that $15,787.00 U.S. Currency and approximately 66.95285919 bitcoin, referenced in the plea agreement, represent proceeds constituting or derived from the violations set forth in Counts One, Two, and Four.  He agrees that the electronic devices, referenced in the plea agreement, were used or intended to be used to facilitate the violations in Counts One, Two, and Four.  He further agrees that the six (6) firearms, magazines and ammunition, referenced in the plea agreement, were used or intended to be used to facilitate the violations in Counts Three and Five.

*I, RALPH ROBERT JAMES SERGO, am aware of and understand the nature of the charges to which I am pleading guilty, because I have discussed the charges and what the prosecutor must prove to convict me with my attorney.  I understand that the United States must prove the following facts or elements of the offenses beyond a reasonable doubt:*

**Title 21, United States Code, Section 963/846 Attempt:**
1) the Defendant knowingly intended to commit the crimes of importation, and distribution; and
2) the Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.
A "substantial step" is an important action leading up to committing of an offense – not just an inconsequential act. It

must be more than simply preparing. It must be an act that would normally result in committing the offense.

**Title 21, United States Code, Section 952- Importation:**
1) the Defendant imported Lysergic Acid Diethylamide (LSD), into the United States;
2) the Defendant did so knowingly; and
3) the weight of the Lysergic Acid Diethylamide (LSD), imported by the Defendant was 10 grams or more.

To "import" a substance means to bring or transport that substance into the United States from some place outside the United States.

**Title 21, United States Code, Section 841(a)(1)- Possession with Intent to Manufacture & Distribute; Distribution:**
1) the Defendant knowingly possessed Lysergic Acid Diethylamide (LSD), and/or
2) the Defendant intended to manufacture and distribute the Lysergic Acid Diethylamide (LSD), and
3) the weight of the Lysergic Acid Diethylamide (LSD), Defendant possessed/distributed was 10 grams or more.

To "intend to distribute" is to plan to deliver possession of a controlled substance to someone else, even if nothing of value is exchanged.

**Title 18 United States Code, Section 924(c), Possession of a Firearm in Furtherance of a Drug Trafficking Crime**
1) the Defendant knowingly possessed a firearm
2) in furtherance of any drug trafficking crime for which he could be prosecuted in a court of the United States.

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

DATE: 6/26/17   BY: _____

CARMEN M. LINEBERGER
ASSISTANT UNITED STATES ATTORNEY

DATE: 5/26/17   _____

ROBERT B. MEADOWS
ATTORNEY FOR DEFENDANT

DATE: 5/26/17   _____

RALPH ROBERT JAMES SERGO
DEFENDANT

6