UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   17-14009 -CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

v.

RALPH ROBERT JAMES SERGO,
                    Defendant.
_____/

## PLEA AGREEMENT

The United States of America and **RALPH ROBERT JAMES SERGO**, (hereinafter referred to as the "Defendant") enter into the following agreement:

1.    The Defendant agrees to plead guilty to Count One of the Indictment, which charges Attempt to Import a Controlled Substance- Lysergic Acid Diethylamide, also known as "LSD", in violation of Title 21, United States Code, §§ 952(a)and 963; Count Two, Possession with Intent to Manufacture & Distribute a Controlled Substance- Lysergic Acid Diethylamide, also known as "LSD", in violation of Title 21, United States Code, §§ 841(a)(1), 846, and 21:841(b)(1)(A)(v); Count Three, Carrying a Firearm During and in Relation to/ Possession of a Firearm In Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, §§ 924(c)(1)(A)(i); Count Four, Attempt to Distribute a Controlled Substance- Lysergic Acid Diethylamide, also known as "LSD", in violation of Title 21, United States Code, §§ 841(a)(1), 846, and 21:841(b)(1)(A)(v); and Count Five, Carrying a Firearm During and in Relation to/ Possession of a Firearm In Furtherance of a Drug Trafficking Crime, in violation of Title 18, United

1

*Court Exhibit #2*

States Code, §§ 924(c)(1)(A)(i).

2.     The Defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter Sentencing Guidelines). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying, in part, on the results of a Pre-Sentence Investigation by the Court's Probation Office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph one and that the Defendant may not withdraw the plea solely as a result of the sentence imposed. The Defendant is also aware that a sentence imposed under the guidelines does not provide for parole.

3.     The Defendant also understands and acknowledges that, for Count One, the Court must impose a mandatory minimum sentence of five (5) years' up to the statutory maximum term of forty (40) years' imprisonment, followed by a term of supervised release of

2

four (4) years up to life.  In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $5,000,000. As to Counts Two and Four, the Court must impose a mandatory minimum sentence of ten (10) years' up to the statutory maximum term of Life imprisonment, followed by a term of supervised release of five (5) years up to life.  In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $8,000,000.  As to Count Three, the Court must impose a mandatory minimum sentence of five (5) years' up to the statutory maximum term of Life imprisonment, consecutive to any other sentence imposed, followed by a term of supervised release of five (5) years up to life.  In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000. As to Count Five, the Court must impose a mandatory minimum sentence of twenty-five (25) years' up to the statutory maximum term of Life imprisonment, consecutive to any other sentence imposed, followed by a term of supervised release of five (5) years up to life.  In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.

4.    The Defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph three of this agreement, a special assessment in the amount of $500 will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to the Office of the United States Attorney for the Southern District of Florida (herein after The United States) and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

5.    Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest

to any assets or their substitutes which are subject to forfeiture pursuant to Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461 and Title 18, United States Code, Section 924(d)(1), including the following:

a.    66.95285919 bitcoin, Electrum Bitcoin Wallet, with the SEED identification ending in "achieve";

b.    $ 15,787.00 USD Currency deposited from cashier's check #1028506210.

c.    Apple Mac Book Pro model A1398 bearing serial number: C02QT08NG8WP with a yellow flash drive attached;

d.    Apple I-phone model A1522 Bearing IMEI number: 355878068426915;

e.    Apple Mini Laptop SN W88217NW0P2;

f.    HP laptop SN BCAJT100C9D9R0bbca;

g.    Lenovo laptop model 80UD SN MP147RXV

h.    Two (2) gray in color Kingston Flash Drives;

i.    HTC smart phone model number OP6B120;

j.    Nikon Camera model D3200 SN 3088412

k.    EMTEC 30 MB SD card;

l.    RG Industries, Model RG14, 22 caliber revolver, SN 437198;

m.    North American Arms, Model Sidewinder, 22 Caliber revolver, SN PT06424;

n.    Glock 19, 9mm pistol, Ser# ZXZ513 Glock 26, 9mm pistol, SN ZYY698;

o.    Sig Sauer, Model SIGPM400, .223 caliber pistol, SN 20K029670;

p.    Smith & Wesson, Model Airweight, .38 caliber pistol, SN CJV4670;

q.    One (1) Sig Sauer M400 Magazine;

r.    One (1) Glock 19 Magazine;

4

s.    Sixty-four (64) rounds of 9mm ammunition;

t.    Fifty-six (56) rounds of .22 Cal ammunition;

u.    Three (3)Glock 9mm magazines;

v.    Five (5) rounds of .38 ammunition;

The Defendant agrees that the $15,787.00 U.S. Currency and bitcoin (items a and b) represent proceeds constituting or derived from the violations set forth in Counts One, Two, and Four to which the Defendant is pleading guilty, and the computers, cellular phones, flash drives, camera, and SD card (items c through k) were used or intended to be used to facilitate the violations in Counts One, Two, and Four to which the Defendant is pleading.  The Defendant also agrees that the firearms, magazines and ammunition (items l through v) were used or intended to be used to facilitate the violations in Counts Three and Five.

Defendant further agrees to fully cooperate and assist the Government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to, execution of a consent to forfeiture or other documents as may be needed to fully accomplish the forfeiture.  Defendant further knowingly and voluntarily waives the following rights as to the assets subject to forfeiture: (1) all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding; (2) any judicial or administrative notice of forfeiture and related deadlines; (3) any jeopardy defense or claim of double jeopardy, whether constitutional or statutory; (4) any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of these assets by the United States; and (5) any right to appeal any order of forfeiture entered by the Court pursuant to this plea agreement.  Defendant further understands that the

5

forfeiture of these assets shall not be treated as satisfaction or offset against any fine, restitution, cost of imprisonment, or any other penalty this court may impose on the defendant.

6.    The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background.  Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.    The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility.   If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, the United States will make a motion requesting an additional one-level decrease, pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently.   The United States, however, will not be required to make this motion if the Defendant:

a.    fails or refuses to make full, accurate and complete disclosure to the Probation Office of the circumstances surrounding the relevant offense conduct;

6

b.    is found to have misrepresented facts to the United States prior to entering this plea agreement; or,

c.    commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.    The Defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the United States will be free from any obligations of the agreement and free to prosecute the Defendant for all offenses of which it has knowledge.   In such event, the Defendant waives any objections based upon delay in prosecution.   If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the Defendant also waives objection to the use against him of any (other than statements made for which use immunity was given) information or statements he has provided to the United States, and any resulting leads.

9.    The Defendant agrees that he shall cooperate fully with the United States by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the United States, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the United States; and (c) if requested by the USAO, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents.   In addition, the Defendant agrees that he will not protect any person or entity through false information or omission, that he will not

falsely implicate any person or entity, and that he that he will not commit any further crimes.

10. The United States reserves the right to evaluate the nature and extent of the Defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If, in the sole and unreviewable judgment of the USAO, the Defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, the United States may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the Defendant has provided substantial assistance and recommending that the Defendant's sentence be reduced. The Defendant understands and agrees, however, that nothing in this agreement requires the United States to file any such motions, and that the United States' assessment of the quality and significance of the Defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

11. The Defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the Government. In addition, the Defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the Defendant's sentence because of the Defendant's cooperation.

12. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that

8

any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, the United States, or the probation office, is a prediction, not a promise, and is not binding on the United States, the probation office or the Court.   The Defendant understands further that any recommendation that the United States makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.   The Defendant understands and acknowledges, as previously acknowledged in paragraph two above, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the United States, or a recommendation made jointly by both the Defendant and the United States.

13.   The Defendant is aware that Title 18, United States Code, Section 3742 affords the Defendant the right to appeal the sentence imposed in this case.   Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing.   The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b).   However, if the United States appeals the Defendant's sentence pursuant to Section 3742(b), the Defendant shall be released from the above waiver of appellate rights. By signing this agreement, the Defendant acknowledges that he has

9

discussed the appeal waiver set forth in this agreement with his attorney.  The Defendant further agrees, together with the United States, to request that the district court enter a specific finding that the Defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

14.   The Defendant acknowledges that he has fully discussed the matters of this plea agreement and his guilty plea pursuant thereto with his attorney, and that his attorney has answered each of his questions about the strength of the United States' case as well as the following rights: to go to trial, to cross-examine the United States' witnesses, to testify in his own behalf, to not be compelled to provide self-incriminating testimony, to call witnesses for the defense, and to appeal any adverse verdict that may result from a trial.  The Defendant further acknowledges that he is fully satisfied with the representations provided by his attorney.

15.   This is the entire agreement and understanding between the United States and the Defendant.   There are no other agreements, promises, representations, or understandings between the United States and the Defendant.

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

DATE: 6/24/17          BY: _____
                            CARMEN M. LINEBERGER
                            ASSISTANT UNITED STATES ATTORNEY

DATE: 5/26/17              _____
                            ROBERT B. MEADOWS
                            ATTORNEY FOR DEFENDANT

DATE: 5/26/17              _____
                            RALPH ROBERT JAMES SERGO
                            DEFENDANT

10